# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ALAN M. BARTLETT, et al.,

    Plaintiffs,

vs.

CHRIS DeBORSANTOS-GARCIA, et al.,

    Defendants.

Case No. 3:14-cv-00240-RRB

## **ORDER OF DISMISSAL**

Alan M. Bartlett filed a civil Complaint on behalf of himself, U.S. Disabled Veterans, LLC, and U.S. Handicapped/Disadvantaged Services, LLC.[1] He also requested the Court to waive prepayment of the filing fee.[2] The Court reviewed the Complaint and dismissed, as required by 28 U.S.C. § 1915(e)(2)(B), without prejudice.[3] In an Order to Amend and Show Cause, the Court explained the deficiencies in the Complaint to Mr. Bartlett.[4] But despite being warned that his

---

[1] Docket 1.

[2] Docket 3.

[3] Docket 8 at 8; *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) ("[W]e construe a district court's termination of an in forma pauperis complaint during the screening process for a reason enumerated in § 1915A, § 1915(e)(2)(B), or § 1997e(c) as a dismissal pursuant to the applicable section.").

[4] Docket 8 at 2-7.

case would be dismissed unless he complied with the Court's Order,[5] Mr. Bartlett has failed to file an Amended Complaint or a Response to Order to Show Cause.

**IT IS THEREFORE ORDERED**:

1. This case is DISMISSED with prejudice for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii), and for failure comply with a court order under Rule 41(b) of the Federal Rules of Civil Procedure.[6]

2. All outstanding motions are DENIED.

3. This dismissal constitutes a STRIKE under 28 U.S.C. § 1915(g).[7]

4. The Clerk of Court will enter a Judgment in this case.

Dated at Anchorage, Alaska this 11th day of March, 2015.

/s/ RALPH R. BEISTLINE
United States District Judge

---

[5] *Id.* at 8-9.

[6] *Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir.1999) (To dismiss a case as a sanction, "the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260, 1262 (9th Cir.1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." And "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' [to dismissal] requirement."); *Arteaga v. U.S. Court of Appeals for Ninth Circuit*, 522 U.S. 446 (1998) (per curiam) ("The Ninth Circuit affirmed the District Court's dismissal with prejudice of petitioner's complaint for failure to amend his complaints pursuant to the District Court's instructions.").

[7] Mr. Bartlett currently has at least two strikes. *Bartlett v. Zamora*, 3:14-cv-00224-RRB, Docket 10; *Bartlett v. Arizona Department of Corrections,* District of Arizona Case No. 2:04-cv-02214-SRB-DKD, Dockets 5 and 6 (dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).